The Honorable Ed Wilkinson State Representative P.O. Box 610 Greenwood, Arkansas 72936
Dear Representative Wilkinson:
This is in response to your request, on behalf of the Superintendent of the Lavaca School District, for an opinion on the following questions:
 First, are school districts required to enroll foreign exchange students? Secondly, if so, may those students be counted for attendance purposes in receiving state aid?
Although the resolution of your first question may depend to some degree on the facts of particular case, it is my opinion, assuming all relevant factors are present, that the answer is generally "yes." Section 6-18-202
(Repl. 1993) provides that:
 The public schools of any school district in this state shall be open and free through completion of the secondary program to all persons in this State between the ages of five (5) and twenty-one (21) years whose parents, legal guardians, or other persons having lawful control of the person under an order of court reside within the school district. . . .
It does not appear that this statute would encompass foreign exchange students unless the host family were actually the "legal guardians" of the student or had control of the student pursuant to a court order. Another Arkansas statute is also relevant however. Section 6-18-201 of the Arkansas Code (Supp. 1995) provides as follows:
 (a) Every parent, guardian, or other person residing within the State of Arkansas having custody or charge of any child or children age five (5) through seventeen (17) years on October 1 of that year, both inclusive, shall enroll and send the child or children to a public, private, or parochial school, or provide a home school for the child or children, as described in § 6-15-501 et seq., under such penalty for noncompliance as shall be set by law, [with certain exceptions not relevant here.]
This statute is not drafted to focus on a public school district's obligation to accept children to the school, but focuses, rather, on the obligation of the parents or other persons having "charge" of the child to send that child to school or provide a home school. Nonetheless, it is my opinion that if a foreign exchange student meets all the criteria for eligibility to attend school in a particular district, including age, residence, etc., and makes application to attend public school, he or she should be admitted by the school district. It appears that the "host family" having "charge" of the exchange student would be subject to the appropriate penalties for not enrolling the child in some type of school. It can hardly be concluded that a parent or other person having "charge" of a child can be subjected to penalties for not enrolling the child in school while at the same time the school district has no obligation to admit the child to school. Gitelman, Domicile, Residence and Going toSchool in Arkansas, 37 Ark. L. Rev. 843, at 870.
In response to your second question, it appears that A.C.A. § 6-20-302 (Supp. 1995) at least until July 1, 1996, when this provision is repealed, governs the issue. This section defines "average daily membership" for purposes of computing state aid to school districts. It contains a provision at subsection (1)(A) which states that:
 As applied to this subchapter, students who may be counted for average daily membership are:
 (i) Students who reside within the boundaries of the school district and are enrolled either within a public school operated by the district or in a public school operated by another district or a private school for special education students, with such attendance in both instances resulting from a written tuition agreement approved by the Department of Education; and
 (ii) Legally transferred students living outside the district but attending a public school in the district.
It appears therefore, that if the foreign exchange student meets the criteria above, he or she may be counted by the district for state aid purposes.
The new school finance laws which will become effective July 1, 1996 also provide a definition of "average daily membership," but do not have a specific provision detailing which students will be counted for state aid purposes. The definitional section merely provides, at A.C.A. § 6-20-303 (Supp. 1995) that:
 `Average daily membership' means the total number of days attended plus the total number of days absent by students in grades kindergarten through twelve (K-12) during the first three (3) quarters of each school year, divided by the number of school days actually taught in the district during that period of time rounded up to the nearest hundredth.
Further guidance for a determination of how to apply this provision to foreign exchange students should be sought from the Department of Education and any applicable rules and regulations of the State Board of Education.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh